UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESA WROTH,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA, *et al.*,<br><br>  Defendants. | Case No. 14-cv-05519-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 14 |

Before the Court is the motion of defendants, County of Sonoma, *et al.*, to dismiss plaintiff Esa Wroth's complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 14. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons that follow, the Court GRANTS in part and DENIES in part the defendants' motion to dismiss, and GRANTS plaintiff leave to amend. The case management conference scheduled for 2:30 p.m. on April 24, 2015 remains on calendar.

**BACKGROUND**

Plaintiff Esa Wroth is an individual residing in Sonoma County, California. Compl. ¶ 3. Defendants are the County of Sonoma, Sonoma County Sheriff Steve Freitas, five correctional officers employed by Sonoma County, and twenty-five unnamed persons. *Id.* ¶¶ 4-11.

Wroth's complaint alleges as follows. Wroth was arrested for a DUI on January 2, 2013, and transported to the Sonoma County Jail without incident. *Id.* ¶ 15. During the booking process at the jail, the defendant correctional officers knocked Wroth's head against a concrete wall, and threw his body to the floor. *Id.* At all relevant times, Wroth's hands were cuffed behind his back.

1  *Id.* As Wroth lay face down on the floor, the five correctional officers proceeded to wrench
2  Wroth's arms out of their sockets and knee Wroth in the face. *Id.* The officers additionally Tased
3  Wroth more than twenty times. *Id.* These acts are captured on a video which Wroth attached his
4  complaint. Compl. Ex. A.

5  The officers' actions caused several immediate injuries. For instance, Wroth was knocked
6  unconscious, suffered bruises, lacerations, abrasions, puncture wounds, swelling, and burns.
7  Compl. ¶ 16. Two Taser barbs became impacted in Wroth's body and required surgical removal.
8  *Id.* The actions caused longer-lasting effects as well. In addition to scars, Wroth suffers from
9  permanent nerve damage and recurring dislocation of his shoulders. *Id.*

10  The complaint alleges that Sheriff Freitas encouraged the correctional officers' conduct
11  through inadequate training or supervision, including a failure to investigate and discipline the jail
12  staff. *Id.* ¶ 18. The complaint further alleges that Sheriff Freitas "condoned and ratified" the
13  officers' acts as the final decision-maker and policy-maker for Sonoma County. *Id.*

14  On December 18, 2014, Wroth filed the current action asserting four claims against
15  defendants under 42 U.S.C. § 1983. The first cause of action alleges a violation of his Fourth
16  Amendment right to be free from intentional and unreasonable use of excessive force. *Id.* ¶¶ 23-
17  26. He alleges that, under the circumstances as they existed at the time of the booking, an
18  objectively reasonable officer would have known that the level of force used against Wroth was
19  excessive and had the potential to cause serious injury or death. *Id.* ¶ 25. He further alleges that
20  defendants acted willfully and maliciously, and that defendants' misconduct was the cause of his
21  injuries.

22  Wroth's second cause of action alleges that his Fourteenth Amendment rights were
23  violated. *Id.* ¶¶27-30. Plaintiff alleges that defendants were deliberately indifferent to his health
24  and safety, and acted with a purpose to harm unrelated to any legitimate police purpose. *Id.* ¶ 28.
25  The complaint alleges that the defendants acted willfully and maliciously, and that the defendants'
26  misconduct was the cause of his injuries. *Id.* ¶¶29-30.

27  Wroth's third cause of action alleges upon information and belief that the constitutional
28  violations were the result of "(1) inadequate training, supervision, and discipline of officers by

1  Steve Freitas and the County of Sonoma, and/or (2) official policies, practices or customs of the
2  County of Sonoma regarding the use of force . . . and/or (3) the deliberate indifference of the
3  County of Sonoma to the use of excessive force." ¶ 32. The complaint alleges that the Sheriff and
4  County knew or should have known that their acts or omissions would likely result in the
5  constitutional violations alleged, and that the County's acts or omissions were the cause of his
6  injuries. *Id.* ¶¶ 33-34.

7  Wroth's fourth cause of action alleges that "the County of Sonoma and Steve Freitas knew
8  or should have known that its act and omissions would likely result in a violation of the Fourth
9  and Fourteenth Amendment rights of a person in plaintiff's situation." *Id.* ¶ 33.

10  On February 11, 2015, defendants filed a motion to dismiss Wroth's complaint under
11  Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend.

3

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the deprivation of the right was committed under color of state law. *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). Wroth has alleged that his Fourth and Fourteenth Amendment rights were violated, and that this deprivation occurred at the hands of county correctional officials during the booking process at a county jail.

Defendants challenge the first, third, and fourth causes of action on the grounds that Wroth has failed to plead sufficient facts to state a claim against certain of the defendants. Defendants also argue that Wroth's second cause of action under the Fourteenth Amendment fails as a matter of law, as excessive force claims are limited to the Fourth Amendment. Finally, defendants contend that Wroth's request for injunctive relief is improper.

### I.   Wroth's First Cause of Action - Fourth Amendment/Excessive Force

Defendants contend that Wroth's first cause of action fails to allege sufficient facts to state a claim against either Sheriff Freitas or Sonoma County. Defendants do not appear to challenge the first cause of action as it is asserted against the individual officers.

Wroth has alleged that the five correctional officers caused his physical injuries. Compl. ¶ 15. He has not alleged that Sheriff Freitas was present at the jail, or directly participated in the alleged use of excessive force during the booking process. *See id.* Rather, Wroth alleges that Sheriff Freitas encouraged the alleged conduct through inadequate training and supervision, and a failure to investigate and discipline the officers, and that he ratified the individual officers' conduct. ¶ 17. Supervisors may be held liable in an individual capacity for their own culpable

4

action or inaction in the training, supervision, or control of their subordinates. *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005). However, a complaint fails to state a claim when it provides only assertions that lack further factual development. *Iqbal*, 556 U.S. at 678. By alleging only that Sheriff Freitas encouraged and ratified the officers' conduct, Wroth has recited the elements supervisory liability without providing any further factual support. *See id.* Accordingly, Wroth's first cause of action is insufficient insofar as it is asserted against Sheriff Freitas under a theory of supervisory liability. *See id.*

The first cause of action fails to state a claim against Sonoma County for the same reasons. Plaintiffs may hold a municipality liable if action pursuant to official municipal policy caused the plaintiff's injuries. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* Wroth alleges neither that his injuries were caused by the decisions of Sonoma County lawmakers, nor that there is a persistent and widespread pattern of excessive force among the County's correctional officers. He does allege, however, that Sheriff Freitas is a final policy-making official for Sonoma County. Compl. ¶ 17. That said, Wroth provides only conclusory allegations of Freitas's actions or inactions upon which the County's liability hangs, which is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

For these reasons, the Court GRANTS defendants' motion to dismiss Wroth's first cause of action as it is asserted against Sheriff Freitas and Sonoma County. Wroth has requested leave to amend his complaint to clarify his allegations and to introduce new facts which support supervisory and municipal liability. The Court GRANTS Wroth leave to amend in order to do so.

## II.   Wroth's Second Cause of Action - Fourteenth Amendment

Defendants correctly contend that Wroth's second cause of action improperly asserts a claim for excessive force under the Fourteenth Amendment instead of the Fourth Amendment.[1]

---

[1] Plaintiff's opposition to defendants' motion clarifies that the Fourteenth Amendment claim alleges excessive force, rather than deliberate indifference to medical needs.

The Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (discussing *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). The Ninth Circuit has held that "the Fourth Amendment sets the applicable constitutional limitation on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002).

To the extent Wroth challenges his treatment during the booking process at the Sonoma County jail, the Fourth Amendment standard applies. *See Lewis*, 523 U.S. at 849; *Pierce*, 76 F.3d at 1043. He has not alleged a Fourteenth Amendment violation that is distinct from his Fourth Amendment claim. *See* Compl. ¶¶ 27-30. His allegation that the officers acted punitively and without any legitimate police purpose relates to the same excessive force that underlies both claims.

The cases upon which Wroth relies to support the applicability of the Fourteenth Amendment to this case are inapposite because those cases do not involve arrests. In *County of Sacramento v. Lewis*, involving a claim of excessive force during a high-speed police chase, the Supreme Court stated that the Fourteenth Amendment standard would be inappropriate if the conduct at issue were covered by the Fourth Amendment. 523 U.S. at 843. However, the Court found the Fourth Amendment inapplicable because the defendant officer never effectuated an arrest. *Id.* at 843-44. In *A.D. v. California Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013), the Ninth Circuit followed *Lewis* in using the Fourteenth Amendment to evaluate an officer's use of deadly force at the conclusion of a high-speed police chase. *See also Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998) (involving an officers' accidental shooting of an individual during a shootout in front a bar where the officer neither attempted nor completed arrest of decedent).

Because Wroth cannot state a Fourteenth Amendment claim for the alleged excessive force he experienced after his arrest, the Court GRANTS defendants' motion to dismiss the second cause of action without leave to amend. This order does not preclude Wroth from bringing any Fourteenth Amendment claims he may have against defendants that do not duplicate his Fourth Amendment claim.

### III. Wroth's Third and Fourth Causes of Action - Municipal Liability

Wroth does not specify the defendants against whom he asserts his third and fourth causes of action. *See* Compl. ¶¶ 31-36. However, it appears that these causes of action assert municipal liability claims. *See id.* Wroth's opposition to defendants' motion confirms his intention to assert these causes of action only against Sonoma County. *See* Pl.'s Opp. at 8-10.

Wroth's third cause of action alleges that his injuries were caused by inadequate training, supervision, and discipline of officers by the Sheriff and County, by official policies, practices, or customs of the County, or by the County's deliberate indifference to the use of excessive force. Compl. ¶ 5. A municipality may be held liable on any of these grounds. *See Connick*, 131 S.Ct. at 1359. However, the complaint lacks any further facts to support these allegations. The third cause of action therefore fails to state a claim against Sonoma County. *See Iqbal*, 556 U.S. at 678.

Wroth's fourth cause of action adds only that Sheriff Freitas ratified the use of excessive force, that the Sheriff has final policy-making authority for Sonoma County, and that the Sheriff knew and specifically approved of the alleged violative acts. Compl. ¶ 36. Again, the complaint contains no facts to support these allegations, and therefore fails to state a claim against Sonoma County. *See Iqbal*, 556 U.S. at 678.

The Court therefore GRANTS defendants' motion to dismiss the third and fourth causes of action against all defendants. Wroth has requested leave to amend his complaint to clarify his allegations and to introduce new facts which support supervisory and municipal liability. The Court GRANTS Wroth leave to amend in order to do so.

### IV. Wroth's Prayer for Injunctive Relief

Defendants argue that Wroth has failed to plead facts demonstrating that he is entitled to seek injunctive relief in this case. However, the Court finds that it is unnecessary to rule on this issue at this early stage of the litigation. If and when Wroth moves for injunctive relief, defendants may reassert their arguments at that time.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the first cause of action against Sheriff Freitas and Sonoma County, and GRANTS defendant's motion to dismiss the second, third, and fourth causes of action against all defendants. The Court DENIES defendants' motion to dismiss Wroth's prayer for injunctive relief. The Court GRANTS Wroth's request to amend his complaint except with respect to his second cause of action, which is dismissed with prejudice.

Any amended complaint must be filed on or before May 1, 2015.

**IT IS SO ORDERED.**

Dated: April 21, 2015

_____
SUSAN ILLSTON
United States District Judge