UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESA WROTH,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF SONOMA, *et al.*,<br><br>   Defendants. | Case No. 14-cv-05519-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 14 |

Defendants' motion to dismiss the first amended complaint is scheduled for a hearing on June 26, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS in part and DENIES in part the defendants' motion to dismiss.

**BACKGROUND**

Plaintiff Esa Wroth filed this lawsuit on December 18, 2014. Plaintiff alleges that he was arrested for a DUI on January 2, 2013, and transported to the Sonoma County Jail without incident. First Amended Compl. ("FAC") ¶ 15. Plaintiff alleges that during the booking process at the jail, five correctional officers knocked his head against a concrete wall, and threw his body to the floor. *Id*. At all relevant times, plaintiff's hands were cuffed behind his back. *Id*. As plaintiff lay face down on the floor, the five correctional officers proceeded to wrench plaintiff's arms out of their sockets and knee him in the face. *Id*. Plaintiff alleges that the officers Tased him more than twenty times. *Id*. These acts are captured on a video attached to the complaint. *Id*., Ex. A. Defendants are the County of Sonoma, Sonoma County Sheriff Steve Freitas, and five correctional officers employed by Sonoma County (defendants Galloway, Rivers, Espino, Flores, and Skinner).

In an order filed April 21, 2015, the Court granted in part and denied in part defendants' motion to dismiss the complaint, and granted plaintiff leave to amend. The Court dismissed plaintiff's Fourteenth Amendment claim for excessive force, holding "[t]o the extent Wroth challenges his treatment during the booking process at the Sonoma County jail, the Fourth Amendment standard applies." Dkt. 23 at 6:11-12. The Court granted plaintiff leave to amend to assert a Fourteenth Amendment claim that did not duplicate the Fourth Amendment excessive force claim. The Court also dismissed plaintiff's claims for supervisory and municipal liability with leave to amend, finding that plaintiff had not alleged facts showing that Sheriff Freitas ratified the officers' conduct or that plaintiff's injuries were caused by a policy of the County.

On May 1, 2015, plaintiff filed an amended complaint alleging the following causes of action pursuant to 42 U.S.C. § 1983: (1) a violation of plaintiff's Fourth Amendment right to be free from excessive force against defendants Galloway, Rivers, Espino, Flores, and Skinner; (2) a violation of plaintiff's Fourteenth Amendment right to be free from punishment against the same defendants; (3) a violation of plaintiff's Fourth and Fourteenth Amendment rights against defendant Sheriff Freitas based on a theory of supervisory liability; (4) a claim against the County of Sonoma alleging that the use of excessive force and acts of punishment were caused by (a) inadequate training, supervision, and discipline of officers by Sheriff Freitas and the County; and/or (b) official policies, practices or customs of the County regarding the use of force and punishment, including the use of Tasers; and/or (c) the deliberate indifference of the County to the use of excessive force and punishment; and (5) a claim against the County alleging that the acts of excessive force and punishment were ratified by defendant Freitas, who had final policy making authority for the County.

## DISCUSSION

### I. Fourteenth Amendment

Defendants move to dismiss the complaint to the extent that plaintiff alleges a violation of the Fourteenth Amendment. Defendants contend that plaintiff's Fourteenth Amendment claims are barred for the reasons set forth in the Court's April 30, 2015 order. Specifically, defendants

1  argue that that "the Fourth Amendment protects against pretrial deprivations of liberty up to the
2  time of arraignment when a person becomes a pretrial detainee. The Fourth and Fourteenth
3  Amendment protections apply at different points in the custody continuum; they do not apply
4  simultaneously to the same conduct occurring at the same point in the custody continuum as
5  plaintiff asserts." Dkt. 30 at 1:9-14.

Plaintiff contends that the same conduct may violate two or more Constitutional Amendments, and that he should be permitted to pursue a Fourteenth Amendment claim because he has the right to be free from both excessive force and punishment. Plaintiff states that his Fourteenth Amendment claim is distinct from his Fourth Amendment claim because the Fourteenth Amendment claim alleges that defendants acted with the intent to punish him, whereas the Fourth Amendment claim alleges the force used was objectively unreasonable (and does not require inclusion of an intent element). Plaintiff acknowledges that "there is little authority directly on point." Dkt. 29 at 1:5. However, although plaintiff cites a number of cases in which the plaintiffs brought Fourth or Fourteenth Amendment claims, none of those cases hold that an arrestee[1] such as plaintiff may bring claims under both the Fourth and Fourteenth Amendments to challenge the same conduct as unconstitutional.

For the reasons set forth in the Court's prior order, the Court concludes that plaintiff may not bring a Fourteenth Amendment claim because the Fourth Amendment applies to defendants' use of force. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996) (holding that "the

---

[1] Although plaintiff refers to himself as a "pretrial detainee," both the FAC and plaintiff's opposition state that at the time of the alleged excessive force, plaintiff had been arrested and was being booked, but that plaintiff had not been arraigned. *See* FAC ¶ 15; Dkt. 29 at 1:15-16. Under those facts, plaintiff is considered an arrestee, not a pretrial detainee. A pretrial detainee is someone who "has had only a judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Bell v. Wolfish*, 441 U.S. 520, 536 (1979) (brackets in original, internal quotation marks omitted).

Fourth Amendment sets the applicable constitutional limitation on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002).

Plaintiff's opposition brief states that the Supreme Court's decision in *Kingsley v. Hendrickson*, United States Supreme Court Case No. 14-6368, may shed light on whether a plaintiff may bring both Fourth and Fourteenth Amendment claims to challenge the same alleged excessive force. On June 22, 2015, the Supreme Court issued its decision in *Kingsley*. Although the Court did not address the precise question presented here, the Court's decision does not support plaintiff's contention that he may bring a Fourteenth Amendment claim that is distinct from his Fourth Amendment claim. In *Kingsley*, the plaintiff was a pretrial detainee who alleged that prison guards used excessive force against him in violation of the Fourteenth Amendment when they Tased him when removing him from a cell. The issue before the Court was whether pretrial detainees alleging Fourteenth Amendment excessive force claims are required to make any showing regarding the defendants' subjective state of mind. The Court held that "the defendant's state of mind is not a matter that a plaintiff is required to prove," and that a pretrial detainee "must show only that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, __ S.Ct. __, 2015 WL 2473447, at *5 (June 22, 2015). The Court explained,

> Several considerations have led us to conclude that the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one. For one thing, it is consistent with our precedent. We have said that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham* [*v. Connor*], [490 U.S.] at 395, n. 10. And in *Bell* [*v. Wolfish*], we explained that such "punishment" can consist of actions taken with an "expressed intent to punish." 441 U.S. at 538. But the *Bell* Court went on to explain that, in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions "appear excessive in relation to that purpose." *Id*., at 561. The *Bell* Court applied this latter objective standard to evaluate a variety of prison conditions, including a prison's practice of double-bunking. In doing so, it did not consider the prison officials' subjective beliefs about the policy. *Id*., at 541–543. Rather, the Court examined

4

> objective evidence, such as the size of the rooms and available amenities, before concluding that the conditions were reasonably related to the legitimate purpose of holding detainees for trial and did not appear excessive in relation to that purpose. *Ibid.*
>
> *Bell*'s focus on "punishment" does not mean that proof of intent (or motive) to punish is required for a pretrial detainee to prevail on a claim that his due process rights were violated. Rather, as *Bell* itself shows (and as our later precedent affirms), a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.

*Id.* at *6. Thus, the *Kingsley* court analyzed a plaintiff's right to be free of punishment in the same context as his right to be free of excessive force, and not as a distinct constitutional right that would support plaintiff bringing separate Fourth and Fourteenth Amendment claims challenging the same excessive force on different grounds.[2]

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claims to the extent that they allege violations of the Fourteenth Amendment.

## II.     Supervisory and municipal liability

Defendants also move to dismiss the claims for supervisory and municipal liability as inadequately pled. Defendants contend that the amended complaint does not cure the deficiencies identified in the Court's April 30, 2015 order.

Supervisors may be held liable in an individual capacity for their own culpable action or inaction in the training, supervision, or control of their subordinates. *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005). Plaintiffs may hold a municipality liable if action pursuant to official municipal policy caused the plaintiff's injuries. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.*

---

[2] Further, while evidence of punitive intent on the part of defendants is not necessary to prove plaintiff's Fourth Amendment claim, such intent certainly would be relevant to the analysis of that claim, including issues of qualified immunity.

The Court concludes that plaintiff has adequately alleged a basis for supervisory and municipal liability. The FAC adds the allegation that after plaintiff's arrest, the Sonoma County Sheriff's Office issued a Use of Force report that states:

> After reviewing the reports relating to this incident, and the 29:04 video that captured a major portion of the encounter with Mr. Wroth during the booking process, I have formed the opinion that the use of force used by all of the Correctional Deputies during this incident was within the policy of the Sonoma County Sheriff's Office. . .

FAC ¶ 18. Thus, plaintiff has alleged facts showing that defendants' use of force on plaintiff was "within the policy" of the Sheriff's Office. The FAC also alleges that Sheriff Freitas is the final decision maker and policy maker for the County. These allegations are sufficient at the pleadings stage.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part defendants' motion to dismiss. The Fourteenth Amendment claims are dismissed as a matter of law and thus without leave to amend.

**IT IS SO ORDERED.**

Dated: June 24, 2015

SUSAN ILLSTON
United States District Judge